IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **DANIEL LEE HALE,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 3:23-cv-00087-TES-CHW |
| v. | : | |
| | : | |
| **Sheriff JAMES HALE,** *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendants. | : | Before the U. S. Magistrate Judge |
| | : | |

# ORDER

*Pro se* Plaintiff Daniel Lee Hale, an inmate at the Banks County Jail in Homer, Georgia, filed a complaint under 42 U.S.C. § 1983 in the United States District Court for the Northern District of Georgia.  ECF No. 1.  That civil action is now transferred to the Middle District of Georgia.  ECF Nos. 2 and 3.

Plaintiff has not paid the $402.00 filing fee or requested to proceed without prepayment of the filing fee.  In order to proceed, Plaintiff must either pay the $402.00 filing fee or, if indigent, file a motion to proceed *in forma pauperis* with the required supporting documentation.  If Plaintiff seeks to proceed without prepayment of the filing fee, then he is advised that pursuant to 28 U.S.C. § 1915(a)(1)-(2) he must file both an affidavit in support of his claim of indigency and "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint."  Without an account statement or similar certified documentation from Plaintiff's place of incarceration, the court does not have sufficient

information to determine whether the Plaintiff will be permitted to proceed *in forma pauperis* and whether a partial initial filing fee will be assessed.  *See id*.; 28 U.S.C. § 1915(b)(1).  Plaintiff is further notified that even if he is allowed to proceed *in forma pauperis* with or without a partial initial filing fee, a Plaintiff must nevertheless pay the full amount of the filing fee in installments based on funds in the prisoner's account even if the Plaintiff's complaint (or any part thereof) is dismissed.  28 U.S.C. § 1915(b)(2); 28 U.S.C. § 1915(e)(2)(B).

Accordingly, Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) remit full payment of $402.00 to the Court or (2) if indigent, submit a motion for leave to proceed *in forma pauperis*, completed pauper's affidavit, and a certified copy of his prison trust account statement (or institutional equivalent) for the preceding six months signed by the appropriate jail official.

The Clerk of Court is **DIRECTED** to provide Plaintiff with a copy of the Court's standard *in forma pauperis* application for use by prisoners.  Failure to fully and timely comply with this Order will likely result in the immediate dismissal of this case.  *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.,* 570 F.2d 541, 544 (5th Cir. 1978)).  There shall be no service on any Defendant pending further order of the Court.

**SO ORDERED and DIRECTED**, this 22nd day of August, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

2