## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **DANIEL LEE HALE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 3:23-cv-00087-TES-CHW** |
| **v.** | : | |
| | : | |
| **Sheriff JAMES HALE,** *et al.*, | : | |
| | : | **Proceedings Under 42 U.S.C. §1983** |
| **Defendants.** | : | **Before the U. S. Magistrate Judge** |
| | : | |

## ORDER

*Pro se* Plaintiff Daniel Lee Hale, an inmate at the Banks County Jail in Homer, Georgia, has filed a complaint under 42 U.S.C. § 1983.   ECF No. 1.   Plaintiff has also filed a motion for leave to proceed *in forma pauperis*.   ECF No. 6.

### MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears that Plaintiff is unable to prepay the full cost of commencing this action, his application to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**. However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account.   When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six month period immediately preceding the filing of the complaint.   28 U.S.C. § 1915(b)(1).

A review of Plaintiff's account certification shows that during his pre-trial incarceration at the Banks County jail, Plaintiff has had an average deposit amount of $45.00.[1]   ECF No. 6 at 6.   Twenty percent of his average deposit amount is $9.00. **Accordingly, if Plaintiff wishes to proceed with this action, he must pay an initial partial filing fee of $9.00.**

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below.   It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.   The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison

---

[1] Plaintiff's certification form states that Plaintiff has been incarcerated at the Banks County jail for three months, and the inmate account statement encompasses those three months.   *See* ECF No. 6 at 6 and 8.   The average of his monthly deposits has been calculated for this three-month period.

Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

Pursuant to provisions of the PLRA, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the PLRA. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

While Plaintiff's custodian is ordered to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBLITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to ensure that the initial partial filing fee is paid in accordance with this Order. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to pay the required initial partial filing fee to the Clerk of Court. Thereafter, Plaintiff's custodian shall remit

monthly payments as set forth above.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

In accordance with the Prison Litigation Reform Act ("PLRA"), the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Here, Plaintiff is a pretrial detainee being housed in the Banks County jail for state criminal charges that are pending in Oconee County, Georgia.   ECF No. 1 at 2 and 4.   Plaintiff complains that his constitutional rights have been violated by the Defendant due to his arrest and incarceration.   *Id*. at 4-5.   Plaintiff further complains about his bond conditions and the denial of the appointment of a public defender from Banks County.   *Id*. at 5. Plaintiff requests monetary damages and to be released from custody.[2]   *Id*.

Plaintiff's complaint in its present form is not sufficient to establish a claim under 42 U.S.C § 1983.   First and foremost, Plaintiff has failed to specify how the named Defendant, other than being Plaintiff's brother and the Sheriff, has personally participated in the alleged civil rights violations.   *See* ECF No. 1.   A district court properly dismisses a complaint when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with

---

[2] Monetary damages are an acceptable request for relief in a § 1983 action.   *See Prieser v. Rodriguez*, 411 U.S. 475, 493 and 500 (1973).   However, release is not available as a remedy in a § 1983 action.   *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).   "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release".   *Id*.   Therefore, district courts lack the authority in a § 1983 action to grant a plaintiff release from custody.   *Id*.

an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

If Plaintiff is attempting to assert a claim based solely on the supervisory role of the Defendant as the Sheriff, his complaint still fails to state a claim. Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability. *See, e.g., Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003); *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous.").

A prisoner must allege facts showing either that a supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation to state a claim against a prison official based solely on their supervisory position. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Dalrymple v. Reno*, 334 F.3d

991, 995 (11th Cir. 2003); *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

Even if Plaintiff had properly linked his allegations to the named Defendant, the principles of equity, comity, and federalism counsel federal abstention in deference to ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-46 (1971); *Christman v. Crist*, 315 F. App'x 231, 232 (11th Cir. 2009) (concluding that "*Younger* abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges."); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262 (11th Cir. 2004) (concluding that federal courts consistently abstain from interfering in state criminal prosecutions unless a limited exception applies).

Plaintiff appears to be raising claims for false arrest, false imprisonment, and denial of counsel in criminal proceedings.  See ECF No. 1 at 4-5.  Because a ruling in this federal civil case could impugn the current criminal prosecution of the Plaintiff in the state

courts, the district court must allow the state court to resolve the criminal prosecution of the Plaintiff prior to any enquiry into Plaintiff's civil rights violation claims. *Wallace v. Kato,* 549 U.S. 384, 393-394 (2007) (concluding that if a plaintiff files a claim related to rulings that *will likely be made* in a pending or anticipated criminal trial, a district court may stay the civil action until the criminal case has ended); *Younger*, 401 U.S. 37 at 46 (finding that the fact that a plaintiff must endure a state criminal prosecution fails to demonstrate the irreparable harm required for federal court intervention).

For the reasons set forth above, Plaintiff must recast his complaint to state a claim for which relief may be granted if he wishes to proceed with this § 1983 civil action. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim or related claims that he is pursuing in this action. Plaintiff must provide enough facts to plausibly demonstrate that each Defendant's actions or omissions resulted in the violation of his constitutional rights. When drafting his statement of claims, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) *What* did this defendant do (or not do) to violate your rights? In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?

(2) Is the Defendant a supervisory official and if so, was he/ she personally involved in the constitutional violation? If not, did his/her actions otherwise cause the unconstitutional action? How do you know?

(3) *How* and *when* did this defendant learn of the violation of your constitutional rights or otherwise become aware of a substantial risk that you could suffer

7

an injury?   *What* did this defendant do (or not do) in response to this knowledge?

(4)      What relief do you seek from this Defendant?

Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified.   *See* Fed. R. Civ. P. 8.   Because this is a claim related to the arrest and detention of the Plaintiff, the complaint must make clear to the Court the state criminal charges for which he is charged and whether these charges are still pending against him or have otherwise been resolved by a dismissal, trial, or other court proceeding.

Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint.   The Court will only consider the factual allegations and claims contained in Plaintiff's recast complaint.   The Court will not consider those facts contained in Plaintiff's original complaint.   Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.   If Plaintiff fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed.   ***The complaint must be no longer than ten (10) pages.*** Plaintiff is not to include any exhibits or attachments.

**CONCLUSION**

If Plaintiff wishes to proceed with this action, he shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast his complaint on the Court's standard § 1983 form as instructed, and (2) pay the partial initial filing fee of $9.00. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED and DIRECTED**, this 15th day of September, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge